# Jerry L. Witt

## v.

# Reynolds Metals Company

Record No. 900370

November 9, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Robert W. Mann (Robert P. Crouch, Jr.; Young, Haskins, Mann & Gregory*, on briefs), for appellant.
*James A. L. Daniel (Martha White Medley; Daniel, Vaughan, Medley & Smitherman*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this case we must determine whether the trial court properly dismissed the motion for judgment on the basis of lack of jurisdiction.

Jerry L. Witt was injured as a result of an accident involving a trailer containing heavy aluminum. The trailer had been loaded by employees of the Reynolds Metals Company, the Alloys Plant (Reynolds), in Sheffield, Alabama. The accident occurred near Red Bay, Alabama. Witt, a resident of Henry County, Virginia, filed this negligence action in the Circuit Court of Henry County, alleging that Reynolds was a foreign corporation doing business in Virginia. Process was served on Reynolds' registered agent in Henrico County.

Reynolds filed a motion to dismiss for lack of personal jurisdiction. After submission of briefs and argument of counsel, the trial court granted Reynolds' motion. Witt appealed.

Reynolds concedes that it is amenable to service of process in this state and does not challenge the sufficiency of process served on its registered agent in this case. Reynolds argues, however, that amenability to service "does not automatically confer jurisdiction." Reynolds submits that "whether jurisdiction exists herein depends upon concepts of 'fairness' and 'convenience' and not upon mere compliance with procedural requirements of notice, nor even corporate 'presence.'" Reynolds asserts that because Witt's cause of action is not based on any act arising out of Reynolds' business transactions, activities, or presence in Virginia, there is no rational nexus between Virginia and Witt's claim. Therefore, Reynolds asserts, the trial court properly dismissed the action.

The exercise of *in personam* jurisdiction over a non-resident defendant must comply with the due process requirements of the Fourteenth Amendment to the United States Constitution. Subjecting a non-resident defendant to the binding judgments of the forum court must "not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945) (citations omitted). Furthermore, the contacts of the defendant with the forum state must be such as to make it reasonable to require a defense in the forum state. *Id.* at 317. The circumstances of each case must be examined to determine whether the requisite contacts are present. *Kulko* v. *California Superior Court*, 436 U.S. 84, 92 (1978).

The requirement of a "nexus" between the in-state conduct of a defendant and the cause of action, which Reynolds contends applies in all situations, is not applicable, for example, when a defendant is a resident of the Commonwealth but commits actionable conduct elsewhere. The requirement does apply under the express terms of the long-arm statute (Code § 8.01-328.1), where "minimum contacts" measured in isolated transactions are sufficient to confer jurisdiction only with respect to causes of action arising out of that minimal activity in the forum. But the long-arm statute does not address the doctrine of general jurisdiction arising out of significant presence of a party in Virginia, and the parties agree that the long-arm statute is not applicable in the present case.

Prior to *International Shoe* and the advent of long-arm legislation, the New York Court of Appeals, in a seminal decision, held that when a corporation is present in the forum by engaging in substantial, on-going business, it is sufficiently present to warrant assertion of personal jurisdiction over the entity. The court held further that "the jurisdiction does not fail because the cause of action sued upon has no relation in its origin to the business here transacted." *Tauza* v. *Susquehanna Coal Co.*, 220 N.Y. 259, 268, 115 N.E. 915, 918 (1917).

*International Shoe* thereafter expressly recognized that "continuous corporate operations within a state" may be "so substantial and of such a nature as to justify suit against [the corporation] on causes of action arising from dealings entirely distinct from those activities." 326 U.S. at 318. A foreign corporation, then, which has its principal place of business in the forum, or otherwise engages in a persistent course of systematic and substantial business activities in the forum state may be subjected to personal jurisdiction there. *Perkins* v. *Benguet Consol. Mining Co.*, 342 U.S. 437 (1952).

Reynolds relies principally upon *Ratliff* v. *Cooper Laboratories, Inc.*, 444 F.2d 745 (4th Cir. 1971). That decision, however, makes no reference whatever to Virginia jurisdictional principles, and largely reflects abusive forum shopping.* In *Ratliff*, the defendants' only business connection with South Carolina was the occasional promotional activities of five sales personnel; the defendants had no offices, factories, warehouses or other facilities in the state and were not listed in any directories there. *Id.* The Fourth Circuit found that requiring the out-of-state defendants to defend in South Carolina on those facts was inappropriate. *Id.* At the same time, however, the court expressly acknowledged that courts may assert general jurisdiction over persons who do conduct significant business in a forum, stating:

---

* The facts showed blatant forum shopping. "Plaintiffs' only interest in South Carolina is in its relatively long statute of limitations (six years), and plaintiffs' only contact with South Carolina is the bringing of these lawsuits for the sole purpose of availing themselves of that statute—the limitation period having run in all other states having any connection with the claims presented . . . ." *Id.* at 746. The court further stated that the outcome might well have been different in a case where "the plaintiff has some attachment to the forum." *Id.* at 748.

> If the plaintiff has some attachment to the forum, or if the defendant has adopted the state as one of its major places of business, we would have no question of the right of the state to subject the defendant to suit for un-connected causes of action. Nor would we even if the forum were not a major center of defendant's business but were nevertheless a community into whose business life the defendant had significantly entered as determined by the quality, substantiality, continuity and systematic nature of its activities . . . .

*Id.* at 748 (quoting *Seymour v. Parke, Davis & Co.*, 423 F.2d 584, 587 (1st Cir. 1970)).

■ In contrast to its position on appeal, Reynolds did not dispute in the trial court the fact that it regularly and systematically does business in Virginia as well as in Alabama. Reynolds contends, however, that Alabama is the "proper situs for litigation of this claim," in light of the availability of witnesses and access to other evidence. While these are appropriate issues for consideration in applying the *forum non conveniens* doctrine, they are not the measure of personal jurisdiction, which turns upon the fundamental fairness notions of the due process clause. It was the assertion of personal jurisdiction which Reynolds challenged in the trial court. The trial court was not asked to rule on a motion to transfer for convenience, and it did not base its refusal to exercise personal jurisdiction on discretionary grounds.

■ We find that the requirements of the due process clause are not violated by subjecting Reynolds to personal jurisdiction in the Circuit Court of Henry County on a cause of action arising out of events unrelated to the business conducted in the Commonwealth. Therefore, the trial court's judgment will be reversed and the case remanded for further proceedings.

*Reversed and remanded.*