# CIRCUIT COURT OF THE CITY OF NORFOLK

Eastern Technical
Enterprises, Inc.

v.

Wilson & Hayes, Inc.

July 10, 1997

Case No. (Law) L95-1353

By Judge Marc Jacobson

Eastern Technical Enterprises, Inc. (Plaintiff) filed a Motion for Judgment for breach of contract against Wilson & Hayes, Inc. (Defendant) alleging defective goods and untimely delivery. Defendant has moved to dismiss on the ground that this Court lacks personal jurisdiction under Section 8.01-328.1 of the Code of Virginia and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Plaintiff is a Virginia corporation and is under a prime contract with the Navy to convert the vessel USNS *Harkness* into the training ship *State of Maine*. The site of the project is the Brooklyn Naval Ship Yard in New York. Defendant is a State of Washington corporation engaged in the manufacture and supply of ship furniture. Defendant is listed in a catalog of approved suppliers for contracts with the United States Government, and the catalog is distributed throughout the country.

Plaintiff contacted Defendant at Defendant's offices in Seattle, Washington, about supplying bunks, doors, and related hardware for Plaintiff's

prime contract. Pursuant to the purchase order, delivery was designated at Plaintiff's project site: the Brooklyn Navy Yard in New York. The total contract price was $228,006, and the purchase order contained the following notation at the bottom: "This purchase agreement is subject to the terms and conditions of the signed agreement in the file." The Court has received no evidence of any signed agreement. The purchase order was faxed from Brooklyn to Seattle and, the Plaintiff alleges, a copy of Plaintiff's standard terms and conditions was mailed to Defendant headquarters. The Defendant denies ever having received the standard terms and conditions and therefore contends that these terms and conditions were never made a part of the contract. The standard terms and conditions as proffered to the Court contained a forum dispute clause selecting the Eastern District of Virginia, Norfolk Division, and the Circuit Court of the City of Norfolk as the appropriate forums in which to bring suit.

The issue before the Court is whether the Defendant's contacts with Virginia — specifically making phone calls to Virginia and shipping goods to Virginia — are sufficiently systematic and substantial so as to confer personal jurisdiction on this Court consistent with Section 8.01-328.1 of the Code of Virginia or the Due Process Clause of the Fourteenth Amendment to the U. S. Constitution.

This Court can have personal jurisdiction over a foreign corporation in one of three ways. First, the corporation could consent to the jurisdiction of this Court by agreeing to a forum selection clause. The parties dispute whether this forum selection clause was a part of the contract. Second, the Court could have jurisdiction of the Defendant under Virginia's long arm statute. Because this dispute did not arise out of Defendant's contacts with Virginia, this Court does not have specific jurisdiction under the long arm statute. Third, this Court may assert general personal jurisdiction over a foreign corporation if the corporation's contacts with the state are sufficiently systematic and substantial.

I. *Plaintiff Has Not Met the Burden of Proof that Defendant Consented to the Court's Jurisdiction*

While subject matter jurisdiction cannot be conferred on this court by the consent of the parties, *Humphries v. Commonwealth*, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947), the Supreme Court of Virginia has held that a party can consent to personal jurisdiction by agreeing to a forum selection clause. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 341-42, 397 S.E.2d 804, 806-07 (1990). In Virginia, forum selection clauses are valid and enforceable. *Id.*

The Plaintiff bears the burden of proving this Court has personal jurisdiction over the Defendant. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). To determine whether the Plaintiff has established a *prima facie* case, this Court must draw all reasonable inferences from the pleadings and must resolve all factual disputes in favor of the Plaintiff. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). The Plaintiff has submitted an affidavit from their vice president that claims he mailed the standard terms and conditions to Defendant in Seattle. The Court concludes that this affidavit does not satisfy the Plaintiff's burden of proof at this time, and the Court has been advised that counsel for both Plaintiff and Defendant do not wish to produce or submit any further evidence or argument. Because Plaintiff cannot prove that Defendant consented to the jurisdiction of this Court, then this Court may not exercise personal jurisdiction over the Defendant, because this Court has neither specific nor general personal jurisdiction.

II. *This Court Does Not Have Specific Personal Jurisdiction over the Defendant*

For this Court to have specific personal jurisdiction over foreign corporations, it must first find that the conditions of Virginia's long arm statute, Va. Code Ann. § 8.01-328.1 (Michie 1992), are met. If those conditions are met, then this Court must also find that exercising specific personal jurisdiction does not offend the Due Process Clause of the federal Constitution. U.S. Const., Amend. XIV. The Virginia Supreme Court has truncated this analysis somewhat by holding that the long arm statute extends the jurisdiction of Virginia courts over nonresident defendants to the extent permitted by the Due Process Clause. *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971). In this case, the Due Process analysis becomes moot, because the long arm statute does not extend to Defendant.

The long arm statute confers jurisdiction over "a person, who acts directly or by an agent, as to a cause of action arising from the person's ... [t]ransacting any business in this Commonwealth." Va. Code Ann. § 8.01-328.1(A)(1) (Michie 1992). Courts have interpreted "arising from" to mean "but for" causation. *See, e.g., Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941 (E.D. Va. 1991). The Fourth Circuit has specifically held that Virginia's long arm statute "does not extend to a contract formed and performed outside Virginia." *Promotions, Ltd. v. Brooklyn Bridge Centennial Comm.*, 763 F.2d 173 (4th Cir. 1985). In this case, Plaintiff formed the

contract with Defendant from their Brooklyn offices and Defendant shipped all goods to Plaintiff's Brooklyn drydock. No part of this contract had anything to do with Virginia and, therefore, this Court does not have jurisdiction under Virginia's long arm statute.

III. *This Court Does Not Have General Personal Jurisdiction over the Defendant*

Although this Court does not have specific personal jurisdiction, it may nonetheless have general personal jurisdiction if the Defendant's contacts with Virginia are systematic and substantial. *Witt v. Reynolds Metal Co.*, 240 Va. 452, 397 S.E.2d 873 (1990). The Defendant asserts that if the Virginia long arm statute does not extend to Defendant, then this Court's inquiry ends. (Mem. Supp. Def.'s Mot. Dismiss at 8.) In *Witt*, the Virginia Supreme Court rejected this reasoning and held that general personal jurisdiction cannot be established by the Virginia long arm statute, but that general personal jurisdiction may be exercised over a non-resident defendant nonetheless if the nonresident defendant's contacts with Virginia rise to the level of systematic and substantial. *Witt*, 240 Va. at 454-56, 397 S.E.2d at 875-76; *see also Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414, n. 9 (1984).

The United States Supreme Court established the parameters of general personal jurisdiction in the seminal case of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The Court held that "continuous corporate operations within a state" may be "so substantial and of such a nature as to justify suit against [the corporation] on causes of action arising from dealings entirely distinct from those activities." 326 U.S. at 318. In the long line of cases that have followed *International Shoe*, courts have looked to "not only the quantity, but also the nature, of the defendant's forum-affiliating contacts." *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 591 (E.D. Va. 1992). As the Supreme Court described it, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Further, these purposeful contacts must create a substantial connection to the forum state, such as creating continuing obligations with residents of the forum or by conducting significant activities in the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

Defendant's contact with Virginia do not appear to rise to the level of "systematic and substantial" as that phrase has been interpreted in the reported cases. The extent of Defendant's Virginia contacts are:

1. Agents of Defendant made 75 phone calls to persons in the Commonwealth between 1990 and 1995;

2. Defendant has shipped goods into the Commonwealth over the last 26 years — beginning in 1970, Defendant made one shipment totaling $42.70 and shipments increase steadily to the peak year of 1991, in which eighteen shipments totaling $122,404.98 were sent to Virginia. Last year, thirteen shipments totaling $43,360.78 were sent to Virginia;

3. Agents of Defendant have traveled to Virginia on business once between 1989 and 1995;

4. Defendant has been involved in one other case in Virginia between 1989 and 1995;

5. Defendant appears in a catalog published by the Untied States Government that is distributed in Virginia.

(Pl.'s Supp. Br. Opp. Def.'s Mot. Dismiss at 4-5, Exs. B, C, & D.)

The Court finds that Defendant's contacts with Virginia are not sufficient to subject it to the general personal jurisdiction of this Court. Advertising, soliciting orders for its products, and filling those orders do not, without additional activity, amount to systematic and substantial contact. In *Nichols v. G. D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1993), the Fourth Circuit held that Maryland courts did not have general subject matter jurisdiction over a non-resident corporation who employed twenty-one people in Maryland over a period of six years to promote its products, owned cars registered in Maryland for the use of its employees, and had annual sales within Maryland of between two and three million dollars, or about 2% of the company's total sales. Because the contacts included only advertising and solicitation of business, the court held the Maryland courts lacked general personal jurisdiction. *Id.* at 1199-1200.

The Defendant currently before this Court has had even less contact than the defendant in *Nichols*. Agents of Defendant did not solicit business from inside the Commonwealth and maintained as their only business site the offices in Seattle and no sales agents were employed in Virginia. Thus the phone calls, the one business trip, and the catalog publication were all for the purpose of soliciting orders, and these alone do not confer jurisdiction.

The question that remains is whether the volume of goods shipped into Virginia or Defendant "being involved" in one other case in Virginia make the contacts systematic and substantial. They do not. Merely shipping goods into a state does not establish minimum contacts. *Verosol*, 582 F. Supp. at 591. Plaintiffs must establish that the non-resident defendant has "fairly extensive"

contacts with the forum. *Id.* (citing *Ratliff v. Cooper Lab., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971)). The information provided to this Court does not show what percentage of Defendant's net revenue is supplied by Virginia customers, but the Defendant has been in the business of supplying ship fixtures since 1935. In viewing the applicable cases, the amount of sales does not necessarily control. The percentage of sales is also important, and in this case the percentage appears to be a small portion of the Defendant's total business. The Court finds that the Plaintiff has not met its burden of establishing that a substantial portion of Defendant's business is derived from Virginia customers.

The Court finds no authority that would indicate that a company that is sued in a state once is therefore subject to the general jurisdiction of the courts. The details of the specific litigation in which the Defendant was involved is not clear. The Defendant, however, was not the Plaintiff in that particular action. Therefore, the Court does not perceive this single lawsuit as sufficient grounds for subjecting Defendant to the general personal jurisdiction of this Court.

In the cases where courts have found general personal jurisdiction to exist, the foreign corporation has either established an office in the forum state for the purpose of conducting business activities beyond the advertising and solicitation of products, *Sheppard v. Jacksonville Marine Supply, Inc.*, 877 F. Supp. 260 (D. S.C. 1995), or the agents hired in the forum state provide technical or substantive advice to customers. *Pennington v. McDonnell Douglas Corp.*, 576 F. Supp. 868 (E.D. Va. 1983). Unlike the non-resident defendants in these cases, Defendant has no agents or offices in the Commonwealth.

Accordingly, the Court concludes and finds that the Defendant's contacts with Virginia are not sufficient to confer either specific or general personal jurisdiction on this Court, and that sufficient evidence has not been provided or adduced that jurisdiction was imposed on this Court by virtue of the forum selection clause allegedly incorporated into the contract.