## CIRCUIT COURT OF FAIRFAX COUNTY

Davey Tree Expert Co.

     v.

Michael Jackson,
d/b/a Summit
Horticultural Services

     v.

Gregory Goldberg

December 7, 2005

Case No. (Law) 2005-5506

BY JUDGE RANDY I. BELLOWS

     This matter is before the Court on Third-Party Defendant Gregory Goldberg's motion to dismiss for lack of personal jurisdiction. The parties submitted briefs prior to the December 2, 2005, hearing. At the conclusion of oral argument, the Court took the matter under advisement.

     The Court has considered the briefs submitted, as well as the oral arguments, and finds that Goldberg's contacts with the Commonwealth do not satisfy due process and the Virginia long-arm statute such that the exercise of long-arm jurisdiction is constitutionally permissible. Accordingly, Goldberg's motion to dismiss for lack of personal jurisdiction will be granted.

## I. Background

This matter arises out of a landscaping services agreement where Goldberg allegedly contracted for various services with Michael Jackson, d/b/a Summit Horticultural Services ("Jackson"). Jackson then allegedly subcontracted a portion of the work to The Davey Tree Expert Company ("Davey").

Davey filed suit against Jackson when it was not paid, and Jackson in turn brought a third-party action against Goldberg for the cost of the work, alleging that Goldberg had agreed to pay Davey directly.

Goldberg moves the Court to dismiss for lack of personal jurisdiction arguing that he has insufficient minimum contacts with Virginia. Specifically, Goldberg argues that he is a Maryland resident, the work was completed at his Maryland home, he did not travel to or transact any business in Virginia, he did not contract directly with or even agree to have services rendered by Davey. Last, Goldberg denies that he made any contact with Jackson in Virginia.

Jackson is a Virginia resident operating out of Loudoun County, Virginia. He alleges that Goldberg contacted him about landscaping work on his home in April of 2004. Jackson alleges that his phone has a (703) area code and that he received Goldberg's phone call within Virginia. In this phone call, Jackson alleges that Goldberg began negotiating for Jackson's services. Additionally, Jackson alleges that he was paid for his work through a check drawn on a Maryland bank and mailed to him in Virginia.

## II. Standard of Review

On a motion to dismiss, Jackson need only establish a prima facie case of personal jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 180, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); *Rannoch, Inc. v. The Rannoch Corp.*, 52 F. Supp. 2d 681, 684 (E.D. Va. 1999). Where, as here, the non-moving party submits an affidavit denying allegations specifically pertaining to jurisdiction, "the court should not weigh the controverting assertions of the party seeking dismissal because to do so would allow defendants to 'avoid personal jurisdiction simply by filing an affidavit denying all jurisdictional facts'." *Verizon Online Servs. v. Ralsky*, 203 F. Supp. 2d 601, 609 (E.D. Va. 2002) (*quoting CompuServe*, 89 F.3d 1257, 1262 ("Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff [] alleges collectively fail to state a prima facie case for jurisdiction.")). Instead, the Court must draw all reasonable inferences and resolve all factual disputes in

the non-moving party's favor. *Eastern Tech. Enters., Inc. v. Wilson & Hayes, Inc.,* 46 Va. Cir. 558, 560 (1997).

Whether personal jurisdiction exists over a nonresident defendant is a two step inquiry. "The first step in analyzing the exercise of personal jurisdiction is to determine whether Virginia's long-arm statute reaches the non-resident defendant given the cause of action alleged and the nature of the defendant's Virginia contacts." *De Santis v. Hafner Creations, Inc.,* 949 F. Supp. 419, 422-23 (E.D. Va. 1996) (citations omitted). The second step is to ensure that the exercise of in personam jurisdiction over a non-resident defendant complies with the "due process requirements of the Fourteenth Amendment to the United States Constitution." *Witt v. Reynolds Metals Co.,* 240 Va. 452, 454, 397 S.E.2d 873 (1990).

While there are two steps, "because Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause . . . the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Young v. New Haven Advocate,* 315 F.3d 256, 261 (4th Cir. 2002) (quotations omitted). "The question, then, is whether the defendant has sufficient minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id. (quoting Int'l Shoe Co.,* 326 U.S. at 316); *Glumina Bank v. D. C. Diamond Corp.,* 259 Va. 312, 318, 527 S.E.2d 775 (2000).

The key factor in this inquiry is that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

### III. Analysis

Jackson alleges jurisdiction pursuant to subsection (A)(1) of Virginia's long-arm statute. Va. Code Ann. § 8.01-328.1. This provision provides that, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this Commonwealth." *Id.* When the long-arm statute is the sole basis for jurisdiction, the cause of action must arise from the acts alleged. Va. Code § 8.01-328.1(C).

Jackson asserts that jurisdiction is proper over Goldberg pursuant to § 8.01-328.1(A)(1) because Goldberg allegedly contacted Jackson in Virginia for the purpose of contracting for services. Goldberg responds to this allegation by denying that he ever entered Virginia or ever made any such phone call to Jackson. Alternatively, Goldberg argues that, even if he had made such a phone

call, this single contact is insufficient to constitute "transacting business" in Virginia.

As to whether this purported phone call was actually made, "the court must draw all reasonable inferences, and resolve all factual disputes in favor of the non-moving party." *Eastern Tech. Enters., Inc. v. Wilson & Hayes, Inc.*, 46 Va. Cir. 558, 560 (1997). Therefore, for purposes of this motion, the Court assumes without deciding that the phone call was made as alleged.

As to whether Goldberg's lack of presence in Virginia is relevant, it is not. "A defendant need not ever physically enter Virginia in connection with the disputed transaction. . . ." *Mason v. Shirk & Shirk*, 32 Va. Cir. 193, 195 (1993). As the Supreme Court explained in *Burger King Corp. v. Rudzewicz*, "Jurisdiction . . . may not be avoided merely because the defendant did not physically enter the forum State . . . we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (citations omitted).

This leaves the purely legal inquiry of whether a single telephone contact made from Maryland into Virginia is sufficient to satisfy Virginia's long-arm statute and the "due process requirements of the Fourteenth Amendment to the United States Constitution." *Witt v. Reynolds Metals Co.*, 240 Va. 452, 454, 397 S.E.2d 873 (1990).

Virginia's long-arm statute is a "single-act statute requiring only one transaction in Virginia to confer jurisdiction on our courts," *Nan Ya Plastics Corp.*, 237 Va. 255, 260, 377 S.E.2d 388 (1989). However, a phone call "is not synonymous with a transaction." *Turnbull v. Desrosier*, 61 Va. Cir. 375, 380 (2003). Additionally, "the constitutional requisite of 'minimum contacts' must also be satisfied." *Loria v. Regelson*, 38 Va. Cir. 283, 287 (1995) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Even assuming that the business relationship between Jackson and Goldberg was initiated by this single phone call to Virginia, it is clear that the "bulk of the contract's performance" was in Maryland. *Diamond Healthcare of Ohio v. Humility of Mary Health Planners*, 229 F.3d 448, 451 (4th Cir. 2000).

The Court is unable to find that Goldberg has purposefully availed himself of the laws and privileges of Virginia. Additionally, this single phone call is insufficient to establish in personam jurisdiction over Goldberg. *See Turnbull*, 61 Va. Cir. at 383 ("occasionally doing employment related work in his home in Virginia and two phone calls to Virginia are not sufficient contacts to establish in personam jurisdiction over the Defendants."); *see also Eastern Tech. Enters., Inc. v. Wilson & Hayes, Inc.*, 46 Va. Cir. 558, 562 (1997) ("the phone calls, the one business trip, and the catalog publication . . . do not confer jurisdiction").

## IV. Conclusion

Goldberg's contacts with the Commonwealth do not satisfy due process and the Virginia Long-arm statute such that the exercise of long-arm jurisdiction is constitutionally permissible. Accordingly, Goldberg's motion to dismiss for lack of personal jurisdiction will be granted.