# CIRCUIT COURT OF ALBEMARLE COUNTY

Heather L. Sandler

v.

Wintergreen Partners, Inc., et al.

June 21, 2006

Case No. CL05-10,122-00

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on Defendant's Objection to Venue and Motion to Transfer, which were argued in Court on May 25, 2006. The Court deferred ruling until it could consult the legal authorities cited.

*Allegations and Background*

On January 21, 2003, Plaintiff alleges that she was injured while tubing at Wintergreen's snow tubing park. As a result, Plaintiff filed suit in the Circuit Court of Albemarle County on January 19, 2005. Defendants timely filed an Objection to Venue and Motion to Transfer on October 25, 2005, requesting the case be transferred to the Circuit Court of Nelson County.

As alleged, Defendant, Wintergreen Partners, Inc. ("Wintergreen"), owns, controls, and manages a snow tubing park at Wintergreen Resort in Nelson County, Virginia. Defendant, Thomas E. Ashley, is an employee of Wintergreen who works at the snow-tubing park and is a resident of Nelson County, Virginia.

Defendant Wintergreen conducts limited business activities in Albemarle County, including: (1) the purchase of wine at Kluge Vineyards; (2) the purchase of radio equipment at Piedmont Electronics Company; (3) the purchase of tractor equipment at Piedmont Equipment Company; (4) the

purchase of vehicles at Brown Automotive Group; and (5) the purchase of produce at Cavalier Produce. In addition, Defendant Wintergreen advertises its amenities to potential customers through the Sprint white and yellow pages, the *Daily Progress* newspaper, *Albemarle Family* magazine, *The Hook, C'Ville Weekly, Blue Ridge Outdoors,* and Clear Channel Radio, which have their primary place of business in Albemarle County or are aimed at Albemarle County residents.

Plaintiff asserts that Defendant Wintergreen regularly conducts substantial affairs or business activities within Albemarle County. As a result, Plaintiff claims that the Circuit Court of Albemarle County is a permissible venue for this action under Va. Code § 8.01-262(3).

Defendants argue that venue is improperly laid in the Circuit Court of Albemarle County because Defendants do not reside in Albemarle County, Defendant Wintergreen does not regularly conduct substantial business activity in Albemarle County, and none of the events relevant to this action occurred in Albemarle County. As a result, Defendants claim that the Circuit Court of Albemarle County is an improper venue under Va. Code § 8.01-262(3) and that the Court should transfer the case to the Circuit Court of Nelson County under Va. Code § 8.01-265.

Defendants also allege Nelson County is a more convenient forum for the parties and the witnesses. Plaintiff also asserts Albemarle is a more convenient forum because:

(1) Plaintiff and her health care providers live more than two hours from Lovingston, Virginia, the county seat of Nelson County;

(2) Witnesses would have to drive back to Charlottesville for lodging;

(3) Inconvenience to Defendants is minimal; and

(4) Wintergreen is the largest single employer in Nelson County, Virginia.

Albemarle County is an adjacent county to Nelson County. The City of Charlottesville, where the Albemarle Circuit Court is located, is about a forty minute drive from Lovingston, Virginia. There is a four lane highway, Route 29, from Charlottesville to Lovingston.

*Issue Presented*

(1) Under Va. Code § 8.01-262(3), does the purchase of products and services and advertising, characterized by listings in the regional phone book, newspaper, periodicals, and on the radio, constitute regularly conducting substantial business activity sufficient to grant venue in a forum where no other ties exist with that forum?

(2) Should venue be transferred or retained under Section 8.01-265 on the respective claims of the parties as to a more convenient forum?

*Discussion of Authority*

1. *Permissible Forums*

The permissible forums for civil actions are provided by Va. Code § 8.01-262. The Plaintiff may bring an action: (1) where the defendant resides or, if defendant is a corporation, where its president resides; (2) where the defendant has appointed an agent or has a registered office; (3) where the defendant regularly conducts substantial business activity; or (4) where the cause of action arose.

In *Meyer v. Brown*, 256 Va. 53, 500 S.E.2d 807 (1998), the Supreme Court analyzed the requirement that the party objecting to venue has the burden of establishing that the chosen venue is improper. Here, Defendants have shown that Defendants reside in Nelson County, Defendant Wintergreen's president resides in Nelson County, Defendant Wintergreen's registered agent has his office in Nelson County, and the alleged incident took place in Nelson County. Therefore, the only permissible basis for venue in the County of Albemarle is Defendant Wintergreen's business activities.

In July 2004, the General Assembly amended Va. Code § 8.01-262(3), which before the amendment read, "Wherein the defendant regularly conducts affairs or business activity," and after the amendment reads, "Wherein the defendant regularly conducts *substantial business activity*. . . ." Under *Peaks v. Environmental Laboratories, Inc.*, 34 Va. Cir. 484 (1994), for the purposes of venue, a business regularly conducts business where it consistently and uniformly responds to business opportunities. However, there is no authority on the level of business that constitutes *substantial business activity* under the amended language of Va. Code § 8.01-262(3).

In *Sansom v. Board of Supervisors*, 257 Va. 589, 514 S.E.2d 345 (1999), the Supreme Court held that, when a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used.

Defendants argue that Defendant Wintergreen conducts neither regular nor substantial business activity in Albemarle County. Defendants claim that regular should be defined as "methodical" and that substantial business activity should be defined as that which is "significant or considerable, more

than occasional." Thus, Defendants argue that Defendants' Objection to Venue should be sustained and Defendants' Motion to Transfer should be granted.

Plaintiff asserts that Defendant Wintergreen regularly conducts substantial business activities within Albemarle County. Plaintiff claims that substantial should be defined as "real" and business should be defined as "commercial activity for profit." Plaintiff argues that the Court should equate "significant business" as defined in *Witt v. Reynolds Metals Co.*, 240 Va. 452, 397 S.E.2d 873 (1990), with "substantial business" to determine Defendant Wintergreen's contact with Albemarle County. Thus, Plaintiff argues that Defendants' Objection to Venue should be overruled and Defendants' Motion to Transfer should be denied.

In *Witt v. Reynolds Metals Co.*, 240 Va. 452, 455-56, 397 S.E.2d 873 (1990), the Supreme Court analyzed the exercise of *in personam* jurisdiction over a non-resident defendant and held that courts may assert general jurisdiction over persons who conduct significant business in a forum, even if the forum is not a major center of defendant's business but is nevertheless a community into whose business life the defendant significantly enters "as determined by the quality, substantiality, continuity, and systematic nature of its activities." Unlike the case at bar, in *Witt*, the defendant did not dispute the fact that it regularly and systematically did business in the forum. *Id.* Additionally, the *Witt* court stated that such issues were appropriate for consideration in applying *forum non conveniens* doctrine and not the measure of personal jurisdiction. *Id.* The trial court was not asked to rule on a motion to transfer. *Id.*

In this case, the specific issue for consideration is the application of permissible venue doctrine and not the measure of personal jurisdiction on Defendants' Objection to Venue and Motion for Transfer. Therefore, the Court finds that the *Witt* court's analysis of "significant business" is neither controlling nor persuasive on this issue.

Here, on limited occasion, Defendant Wintergreen purchased products and services from suppliers within the County of Albemarle. Defendant Wintergreen's primary suppliers are not located in the County of Albemarle. In 2005, Defendant Wintergreen purchased advertising in the amount of $10,327.49 from service providers that have their primary place of business in Albemarle County or whose products are aimed at Albemarle County residents. Defendant Wintergreen's advertising budget for 2005 approached $800,000.00. Additionally, Defendant Wintergreen's business with Brown Automotive Group included: (1) a one-year agreement to provide Brown with advertising and promotion opportunities at Wintergreen in Nelson County in

exchange for the use of two all-wheel drive vehicles by Wintergreen executives in Nelson County; and (2) the purchase of three vehicles over a two-year period from July 2003 to November 2005.

The facts of this case show that Defendant Wintergreen regularly conducts business activity within Albemarle County. However, its activities do not rise to *substantial business activity* as required under Va. Code § 8.01-262(3).

The facts of this case show four factors that support a forum in the County of Nelson under Va. Code § 8.01-262: (1) Defendants reside in Nelson County; (2) Defendant Wintergreen's president resides in Nelson County; (3) Defendant Wintergreen's registered agent has his office in Nelson County; and (4) the alleged incident took place in Nelson County.

## 2. *Forum Non Conveniens*

Under Va. Code § 8.01-265, the Court may, upon motion by any defendant and for good cause shown, transfer an action to any fair and convenient forum having jurisdiction within the Commonwealth. In *Faison v. Hudson*, 243 Va. 413, 417 S.E.2d 302 (1992), the Supreme Court held that to decide whether transfer is warranted requires a careful balancing of all of the facts in the case and cannot be accomplished by the application of a rigid rule. Any transfer is in the sound discretion of the trial court.

## *Conclusion*

Accordingly, this Court finds that Defendant Wintergreen's limited business activity within Albemarle County does not constitute substantial business activity sufficient to grant venue in a forum where no other ties exist with that forum. Additionally, this Court finds a sufficient number of factors to support the transfer of the case to the Circuit Court of Nelson County.

As to *forum non conveniens* in § 8.01-265, after balancing all the facts, this Court does not find Albemarle County is a more convenient forum then Nelson County. Good cause has not been shown to retain the case in Albemarle County.

Therefore, Defendants' Objection to Venue is sustained and Defendants' Motion to Transfer this action to the Circuit Court of Nelson County is granted.