## CIRCUIT COURT OF THE CITY OF RICHMOND

Jacqueline A. Peaks

    v.

Environmental Laboratories, Inc.

September 27, 1994

Case No. LX-558-3

BY JUDGE T. J. MARKOW

This matter is before the court on the Defendant's Motion to Transfer Venue.

Plaintiff, Jacqueline A. Peaks, filed suit in the City of Richmond on February 28, 1994, against her former employer, Environmental Laboratories, Incorporated (ELI), for wrongful discharge. In the Motion for Judgment, Plaintiff alleged venue was permissible in the City of Richmond under Va. Code Ann. § 8.01-262(3) because the Defendant regularly conducts business within the city. Defendant counters that its contacts within the City of Richmond are not "regular" as used in Va. Code Ann. § 8.01-262(3).

The question before the court is whether Defendant's business contacts within the City of Richmond are sufficient under Va. Code Ann. § 8.01-262(3) to constitute the regular conduct of business within the city.

Based on Defendant's interrogatory responses and testimony given by the President and General Manager of ELI, the court finds that during the past three years, Defendant has consistently done business with and received revenue from at least twenty entities with mailing addresses in the City of Richmond. The revenue generated constitutes approximately 2% of ELI's total revenue for the past three years. Ten of these twenty entities have the date of their last transaction with ELI occurring in 1994, with the most recent being with Domestic Linen on August 11, 1994. In fulfilling its obligations under contracts with these entities, the Defendant has actually performed some work within the City of Richmond. Further, ELI advertises in the *Richmond Times-Dispatch* and receives supplies from

William R. Hill, a Richmond based supplier. Other than having an office in the City of Richmond, Defendant carries on all activities of an entity conducting business in the City of Richmond, although, by far, most of its business is done in other jurisdictions.

These facts support permissible venue under Va. Code Ann. § 8.01-262(3). Defense counsel's protestations that these activities fail to satisfy the statute because they do not occur at specific, periodic intervals (i.e., weekly or monthly) is unfounded. The standard for satisfying permissible venue under Va. Code Ann. § 8.01-262(3) is not so stringent.

Except for entities with a place of business in a jurisdiction, few businesses go to another jurisdiction with clock-like regularity. Instead, they respond to business demands. To satisfy the regularity requirement of Va. Code Ann. § 8.01-262(3), the business must consistently conduct its business or its affairs in the chosen forum. Regular in this context is accurately described as "[s]teady or uniform in course, practice or occurrence; not subject to unexplained or irrational variation." Blacks Law Dictionary, 4th Ed. Here Defendant consistently and uniformly responds to business opportunities in the City of Richmond. In other words, it regularly conducted business in the City of Richmond.

Defendant also moves for transfer of venue to Chesterfield County based on the assertion that holding the trial in the City of Richmond would be substantially inconvenient to the parties and witnesses under Va. Code Ann. § 8.01-265. The court finds that both parties, as well as the majority of witnesses expected to be called at trial, reside and work in Chesterfield County. There is no evidence, however, that it would be substantially inconvenient for these individuals to appear in the City of Richmond for trial or that other "good cause" exists for transfer.

Accordingly, the Motion to Transfer Venue is denied.