# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Jennifer J. Jonak

v.

Wintergreen Development, Inc.,
Wintergreen Resorts, Inc.,
and Wintergreen Partners, Inc.

August 14, 1997

Case No. (Law) 97-38

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Charlottesville Circuit Court on Defendants' Objection to Venue and Motion to Transfer pursuant to § 8.01-262 and, alternatively, § 8.01-265. The Court heard argument of counsel on the motion on August 8, 1997.

## Background

Plaintiff, Jennifer L. Jonak, was injured while skiing at Wintergreen Resort on or about February 21, 1995. Plaintiff filed suit against the Defendants in the Circuit Court of the City of Charlottesville on February 18, 1997. Defendants timely filed an Objection to Venue and Motion to Transfer on March 3, 1997, requesting the case be transferred to the Circuit Court of Nelson County.

The Defendants, the owners and operators of Wintergreen Resorts, are all Virginia corporations having their offices and principal places of business in Nelson County, Virginia. The Defendants' president resides in Nelson County and their registered agent maintains his office in Nelson County. Additionally, the cause of action arose in Nelson County.

The Defendants do conduct limited business activities within the boundaries of the City of Charlottesville. The majority of these activities are

advertising endeavors, which include: (1) listings in the white and yellow pages of phone books which serve the City of Charlottesville; (2) advertising on regional television stations, radio stations, and newspapers (through a Washington, D.C., advertising firm); (3) special discounts to residents of the City of Charlottesville; and (4) distributing discount coupons to merchants in the City of Charlottesville to be given to the merchant's customers. These forms of advertising were occurring during February 1995.

Plaintiff claims that, since the Defendants advertise in the City of Charlottesville, they conduct business in the city and venue is appropriate under § 8.01-262(3). Defendants counter by claiming that mere advertising in the City of Charlottesville is insufficient to grant venue under § 8.01-262(3) and that, even if venue is permissible, the Court should transfer the case under § 8.01-265, the *forum non conveniens* statute.

## Question Presented

In Virginia, is advertising, characterized by listings in the regional phone book, advertisements on regional television, newspaper and radio outlets, and specific solicitation of customers in an area, sufficient to grant venue in a forum where no other ties exist with that forum?

## Discussion of Authority

The allowable forums for civil actions are given by § 8.01-262 of the Code of Virginia. The Plaintiff may bring an action: (1) where the defendant is located; (2) where the defendant's president resides; (3) where the defendant has appointed an agent or has a registered office; (4) where the cause of action arose; or (5) where the defendant regularly conducts affairs or business activities. In the case at bar, the Defendant is located in Nelson County, the Defendants' president resides in Nelson County, the Defendants' registered agent has his offices in Nelson County, and the incident occurred in Nelson County. Therefore, the only basis for venue in the City of Charlottesville is the business activities of the defendants.

The Defendants regularly advertise to potential customers in the City of Charlottesville through television, newspaper and radio, and by offering discounts to residents of the city. Under *Peaks v. Environmental Laboratories, Inc.*, 34 Va. Cir. 484 (1994), this activity constitutes doing business as defined in § 8.01-262(3). The *Peaks* court held that for the purposes of venue, a business regularly conducts business where it consistently and uniformly

responds to business opportunities. Therefore, the Court finds that venue is proper and the City of Charlottesville is an appropriate forum for this action.

There is a presumption that the plaintiff's choice of forum is correct, but this choice is not absolute. *Norfolk and Western Ry. v. Williams*, 239 Va. 390 (1990). The weight afforded to the plaintiff's choice of forum is diminished when there is only a "formal, technical connection" with the original forum chosen. Section 8.01-265 of the Code of Virginia, the *forum non conveniens* statute, allows the court, on motion by the defendant, to change the venue to a "fair and convenient forum" when good cause is shown. Factors for a court to consider in transferring an action under § 8.01-265 include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling, and the cost of obtaining the attendance of willing witnesses; possibility of view of the premises; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Williams*, 239 Va. at 393, *citing, Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The final forum should be one which insures the ability of the plaintiff to try his case free of any prejudice, but also free of any abuse of the venue statutes. *Williams*, 239 Va. at 393.

To decide whether transfer is warranted requires a careful balancing of all the facts in the case and cannot be accomplished by the application of a rigid rule and is in the sound discretion of the trial court. *Faison v. Hudson*, 243 Va. 413 (1992). In this case, two factors support a forum in the City of Charlottesville. First, the Plaintiff chose this forum, and her choice is not to be dismissed without careful consideration. Second, the city is an appropriate forum based on the Defendants' business activities in the forum.

However, a number of factors support removal of the case to Nelson County. The injuries received by the Plaintiff occurred in Nelson County. The Defendants' president, registered agent, primary place of employment, and corporate headquarters are found in Nelson County. Additionally, the Plaintiff's injuries did not arise out of the business activities (advertising) conducted by the Defendants in the City of Charlottesville; they arose solely from activities taking place in Nelson County. This suggests much of the evidence will be located in Nelson County. Finally, most of the witnesses who will testify can be expected to be from Nelson County and not the City of Charlottesville.

In considering these factors, the Court feels that with this action there exists a stronger nexus with Nelson County than the City of Charlottesville.

*Ruling*

Therefore, the Court upholds the Objection to Venue and grants the Motion to Transfer the action to Nelson County.