# CIRCUIT COURT OF THE CITY OF NORFOLK

Dorothea Champigny

v.

Mark F. Bayly, Jr.,
and Verizon Virginia

July 2, 2001

Case No. (Law) L01-522

BY JUDGE LYDIA CALVERT TAYLOR

This case, involving a tort action alleging personal injuries resulting from an automobile accident, came before this Court for a hearing on May 4, 2001, on defendants' motion to transfer venue from Norfolk to either Suffolk or Virginia Beach. At that hearing the Court indicated that it was inclined to deny the motion based on Virginia Supreme Court authority but invited both parties to submit further authority that might be persuasive. After having received and reviewed these submissions and carefully reconsidered its position, this Court nevertheless denies defendants' motion. Defendants admit venue is proper in Norfolk and that therefore they have the burden of showing good cause for transferring the case; this Court finds they failed to meet that burden. Even when the facts are taken in the light most favorable to the defendants, the Code of Virginia § 8.01-265, as interpreted by the Virginia Supreme Court, would not require transfer.

## Factual Background

At the hearing on the motion to transfer and in their subsequent submissions, counsel for both parties have set forth the relevant facts without disagreement. On August 13, 1999, the plaintiff, Dorothea Champigny, and the defendant, Mark F. Bayly, Jr., were involved in an automobile accident in the City of Suffolk. Plaintiff, who resides in Suffolk, filed suit in the City of Norfolk on February 28, 2001, alleging that defendant's negligent operation

of his vehicle was the proximate cause of the accident and her resultant bodily injuries. Bayly is a resident of Virginia Beach. The suit also names Verizon Virginia, Inc. ("Verizon"), Bayly's employer, as a defendant under the theory of *respondeat superior.* Verizon's headquarters and registered agent are located in the City of Richmond. Verizon provides telephone service throughout the Commonwealth and has customers in Norfolk, Suffolk, and Virginia Beach. It is believed that most, if not all, of the fact witnesses live in Suffolk.

### *Venue Is Proper in Norfolk*

Section 8.01-260 of the Code of Virginia states that "subject to the provisions of §§ 8.01-264 and 8.01-265, the venue for any action shall be deemed proper only if laid in accordance with the provisions of §§ 8.01-261 and 8.01-262." Section 8.01-261, which enumerates certain causes of action for which there is a "preferred" place of venue, is not applicable. Therefore Section § 8.01-262, which outlines "permissible" fora, governs venue in this case. Subsection (3) of the statute provides that venue is proper in any city or county "wherein the defendant regularly conducts affairs or business activity." There can be no question that venue in this case has been properly laid in Norfolk. Verizon in extending telephone service to customers in Norfolk clearly falls within the intended scope of the statute. *Cf. Meyer v. Brown*, 256 Va. 53 (1998) (concluding that ten business related trips to the forum per year do not constitute regular business activity).

### *§ 8.01-265: Forum Non Conveniens*

As noted above, however, venue — even when properly laid — is subject to the provisions of § 8.01-265, the *forum non conveniens* statute, which allows a defendant to move for and obtain a transfer of venue for good cause shown. "Good cause" according to the statute "shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or witnesses." Code § 8.01-265. The decision to grant a motion pursuant to § 8.01-265 is within the discretion of the trial court. *Norfolk & W. Ry. v. Williams*, 239 Va. 390, 392 (1990). In making such a motion, the defendant has the burden of showing that there is good cause to transfer the case. *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 245 (1999). While the plaintiff's choice of forum is not entitled to absolute deference, *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981), it "should not be lightly defeated." *Williams, supra*, 239 Va. at 395.

The meaning and application of § 8.01-265 is at the heart of the motion currently before the Court. While "there is no clear formula which can be mechanically applied" in this discretionary matter, *id.* at 393, there are a number of instructive cases on this issue. In *Norfolk & W. Ry. v. Williams*, the Virginia Supreme Court held that the trial court abused its discretion in failing to transfer a case from Portsmouth to Roanoke on the basis of *forum non conveniens*. Williams, who was an employee of the defendant, was injured in the defendant's office in Roanoke, but elected to bring suit in Portsmouth, where venue was grounded on the fact that the defendant had railroad track running through the city. In its analysis, the Virginia Supreme Court utilized a number of factors that had been established by the United States Supreme Court as guideposts in deciding federal *forum non conveniens* motions:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make a trial of a case easy, expeditious, and inexpensive.

*Id.* at 393 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). In considering these factors, as well as the definition of good cause set out in § 8.01-265, the Court found that retaining the action in Portsmouth would impose a "substantial inconvenience" on parties and witnesses who would be required to travel from Roanoke to Portsmouth to testify. *Id.* at 395. Furthermore, the Court pointed out that, while the plaintiff's original choice of venue should not be defeated lightly, there was at best only a "technical, formal connection" and no "practical nexus" between the underlying action and the forum chosen, as the accident giving rise to the claim did not occur in Portsmouth. *Id.* at 395-96.

The defendant in the instant action correctly points out that the holding in *Williams* appears to be based, not only on substantial inconvenience, but also on a lack of practical nexus between the forum and the cause of action as well. The Circuit Court cases submitted to the Court by both counsel differed in their interpretations and applications of *Williams* to venue transfer motions. One reasonable reading of *Williams*, as reflected in three opinions written by respected and scholarly circuit court judges, was that the lack of a practical nexus alone was a sufficient basis for granting a transfer of venue motion. Shortly after the Supreme Court rendered its decision in *Williams*, Judge Diane Strickland, based on her reading of the case, transferred an action from the City of Roanoke to Botetourt County, a distance of only thirty-five miles,

on the grounds that there was no connection between the cause of action and the City of Roanoke. *Slone v. Hickock*, 20 Va. Cir. 325 (1990). A year later, Judge Jay Swett transferred a case from the City of Charlottesville to Augusta County because the nexus between the cause of action and Charlottesville was merely technical. *Beverly v. Charles Machine Works*, 24 Va. Cir. 344 (1991). In discussing *Williams*, Judge Swett wrote, "The Court . . . looked at more than simple convenience. They looked at the nexus between the chosen forum and the cause of action." *Id.* at 346. Similarly, six years later, Judge Paul Peatross, citing a stronger nexus in the proposed transferee forum than in the original forum, transferred a case from the City of Charlottesville to Nelson County, where the accident giving rise to the claim had taken place. *Jonak v. Wintergreen Dev., Inc.*, 43 Va. Cir. 234 (1997). It is important to note in all three of these cases that the distance between the original forum and the transferee forum was considerably shorter than that in *Williams*; thus the argument of substantial inconvenience was not seriously presented to the three circuit courts, whose rulings rested on lack of a practical nexus or connection with plaintiff's original choice of forum. The force of their logic initially persuaded this Court to reconsider its inclination to retain venue.

However, perhaps recognizing some confusion among circuit courts in interpreting *Williams*, the Supreme Court several years ago agreed to hear the case of *Virginia Electric & Power Co. v. Dungee*, 258 Va. 235 (1998). *Dungee* involved personal injuries suffered by a minor while playing in and around a power substation in the City of Richmond. Virginia Electric and Power Company (VEPCO) appealed an adverse judgment on a number of grounds, *inter alia*, that the trial court abused its discretion in refusing to transfer the case from Charles City County to the City of Richmond, where the defendant was headquartered, the plaintiff lived, and the accident took place. VEPCO argued that *Williams* stood for the proposition that a "trial court abuses its discretion under Va. Code § 8.01-265 if it declines to transfer venue from a forum with no practical nexus to the cause of action to a more convenient forum with a strong nexus." *Id.* at 245.

In rejecting this construction of *Williams* and clarifying its guidance in *Dungee*, Justice Lacy reviewed the relevant considerations in deciding a motion to transfer venue for *forum non conveniens* under § 8.01-265 that were set forth in *Williams*: "accessibility of sources of proof, compulsory service of process, cost of witness attendance, possibility of a view of the premises, and other practical problems, in addition to the statutory ground of avoiding substantial inconvenience to the parties and witnesses." *Dungee, supra*, 258 Va. at 246. Justice Lacy then emphasized that the holding in *Williams* was based on consideration of all of these factors and "does not support the

construction . . . that transfer is required based *solely* on the lack of a practical nexus of the venue with the litigation." *Id.* (emphasis supplied).

The facts of the instant case and those of *Dungee* are quite similar with respect to venue and the transfer motion currently before this Court. Any slight factual differences, present in the instant case, in fact, provide even greater support for retaining the action in plaintiff's chosen forum, Norfolk. As in *Dungee*, the plaintiff in the instant case resides in Suffolk, the proposed transferee venue,[1] and the accident giving rise to the cause of action took place in Suffolk. In both cases, there is only a relatively short distance when compared to that involved in *Williams* between the forum in which venue was originally laid and the proposed forum. In fact, the distance from Suffolk to Norfolk, which the defendant estimates to be twenty miles, is ten miles shorter than the distance between Charles City County and Richmond. *See id.* at 245. Furthermore, in *Dungee*, the defendant was headquartered in the transferee forum,[2] although it did conduct business in the original forum. In the present action, however, the defendant, Verizon, does not have a stronger connection to the transferee forum than it does to the original forum. By analogy to the facts of *Dungee* alone, this Court feels that the action should be retained in Norfolk.

In an excess of caution, however, the Court will examine each of the factors as set forth in *Williams* and *Dungee* relevant to the motion to transfer venue for *forum non conveniens*. *Compulsory service of process* is available throughout the state. There should not be a problem serving any of the parties or witnesses in the current action. Furthermore, any problem that could arise with respect to service of process would not be solved by moving the venue from Norfolk to Suffolk. There has been no evidence presented by the

---

[1] Although defendants' motion for transfer of venue proposed both Virginia Beach and Suffolk as alternative venues and defendants made cursory mention of transferring the case to Virginia Beach *or* Suffolk in their submission to this Court following the hearing on this motion, the clear weight of their argument was focused on Suffolk. Defendants' concentration on Suffolk was not without good reasons. Defendants' criticism of Norfolk as a venue that the nexus between the cause of action and the forum is merely technical and not compelling would be equally applicable to Virginia Beach. As between the two proposed venues, Suffolk in light of the facts and the law is the more favorable to the defendants' motion. For these reasons, the Court will confine its discussion of the motion to Suffolk.

[2] While the Court's opinion in *Dungee* does not state that VEPCO was headquartered in Richmond, such information is common knowledge and it is not unreasonable to presume that the Justices were all aware of this fact in their deliberations.

defendant that the *cost of witness attendance* would be significantly lower if the litigation took place in Suffolk. Unlike *Williams* — where the distance was so great that witnesses could not be expected to commute to Portsmouth from Roanoke and back to Roanoke in the same day and therefore had to be housed over night — witnesses in the present action can easily return to Suffolk each evening. Although the witnesses must be reimbursed for the mileage traveled to and from Norfolk, this is the only additional cost the Court can imagine. Similar costs for greater distances have been held to be "minimal." *Dungee, supra*, 258 Va. at 245. The Court must also consider the *possibility of a view of the premises*. It should be noted that a view of the scene in car accident cases is rarely granted and the defendant has not suggested that one will be needed in this case. Even if a view of the scene were necessary, defendant has not demonstrated that Suffolk would be a better venue for that reason. Regardless of the location of the scene, due to the interstate system in Hampton Roads and the location of the Circuit Court in Norfolk, a block from the interstate, the additional time and money expended in taking a view of the premises, if necessary, would be *de minimis*.

The Court has considered all the factors, including whether there is substantial inconvenience and any practical nexus between the forum and the cause of action. Although "substantial inconvenience" clearly constitutes good cause, Code § 8.01-265, the defendants made no such showing, candidly admitting in their post-hearing brief that "there is not a great degree of inconvenience" as a result of the distance between Suffolk and Norfolk. However, defendants, placing their principal reliance on the practical nexus language in *Williams*, argue that Norfolk has "only a technical, formal connection" with the cause of action and, therefore, no "practical nexus," whereas Suffolk has a strong practical nexus, as the place where the injury arose and most of the witnesses reside. *Williams*, 239 Va. at 395-96. However, as Justice Lacy made clear in *Dungee*, the lack of a practical nexus alone does not constitute good cause under § 8.01-265. *Dungee, supra*, 258 Va. at 246. Given the lack of substantial inconvenience or applicability of any of the factors set out first in *Williams*, and in light of *Dungee*'s clear indication that the absence of a practical nexus alone is not good cause to transfer, this Court denies defendants' motion to transfer to Suffolk and retains venue in Norfolk.