**Phillip A. CHISHOLM, Plaintiff,**

v.

**UHP PROJECTS, INC., Defendant and Third–Party Plaintiff,**

v.

**SPIR STAR DRUCKSCHLAUCHE GMBH, et al., Third–Party Defendants.**

**Action No. 2:96CV578.**

United States District Court,
E.D. Virginia,
Norfolk Division.

April 10, 1998.

David H. Sump, Crenshaw, Ware & Martin, Norfolk, VA, Michael B. Latti, Latti Associates, Boston, MA, for Plaintiff.

Temple W. Cabell, Richard White Schaffer, Schaffer & Cabell, Richmond, VA, for Defendant & Third-Party Plaintiff.

Frank Nash Bilisoly, IV, James Richard Harvey, III, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Third-Party Defendants.

### OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter came before the court on a motion to dismiss for lack of personal jurisdiction by third-party defendant, Spir Star

Druckschlauche GMBH [Spir Star D.]. Spir Star D. argues, pursuant to Fed.R.Civ.Proc. 12(b)(2), that it lacks contacts with Virginia that are sufficient to subject it to this court's jurisdiction. Upon careful consideration of the parties' submissions, this court finds that it lacks personal jurisdiction over Spir Star D. Accordingly, Spir Star D.'s 12(b)(2) motion to dismiss is hereby **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The current dispute stems from injuries allegedly suffered by plaintiff, Phillip Chisholm. According to Chisholm's complaint, in July, 1994, he sustained injuries after high-pressure water blasting equipment, owned and operated by UHP Projects [UHP], malfunctioned. Chisholm, a seaman aboard the M/V ULTRAMAX, was standing nearby while the equipment was being used to clean the vessel's ballast tanks. At the time of the accident, the ULTRAMAX was docked in Chesapeake, Virginia.

Plaintiff sued UHP alleging that the blasting equipment was supplied to his employer in a negligent and unsafe condition. In response, UHP filed several third-party actions in which they seek indemnification and/or contribution from other entities connected with producing or supplying parts . of the equipment involved in the accident. One of the third-party defendants who has been brought into this case by UHP is Spir Star D. Spir Star D. manufactures hose assemblies in Germany. At the time of the accident alleged in this matter, Spir Star D. sold its products primarily to one distributor in the United States, Wilco Supply, Inc. [Wilco] of Texas.[1]

On September 23, 1997, Spir Star D. filed a motion to dismiss, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction. On February 24, 1998, the court received Spir Star D.'s supplemental memorandum in support of its motion to dismiss.[2] UHP submitted its brief in response to Spir Star D.'s motion to dismiss on March 4, 1998. On March 9, 1998, Spir Star D. submitted a reply brief in support of its motion to dismiss.

On March 20, 1998, UHP filed a motion to transfer its third-party claim against Spir Star D. to the Southern District Court of Texas, Houston Division. Spir Star D. has not responded to UHP's motion to transfer the third-party claim. Spir Star D. has, however, recently filed motions to stay discovery and quash discovery depositions while its motion to dismiss is still pending before this court.

## II. STANDARD OF REVIEW

 It is well-settled that the party seeking to employ the court's jurisdiction bears the burden of proving that jurisdiction over a particular defendant is proper. *See e.g., Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993). The parties' burden is ultimately to prove the grounds for jurisdiction by a preponderance of the evidence. *See id.; Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989).

 However, where the question is addressed without an evidentiary hearing, the plaintiff need only prove a prima facie case of sufficient jurisdictional basis. *See Mylan Labs.*, 2 F.3d at 60. In determining whether the plaintiff has established a prima facie case of jurisdiction, the court must construe

---

1. Wilco had also been brought in to this case by UHP as a third party defendant. On May 16, 1997, the court granted Wilco's motion to dismiss for lack of personal jurisdiction. Opinion and Order, No. 2:96cv578 (MacKenzie, J. May 16, 1997).

2. At the Initial Pretrial Conference, held on December 19, 1997, the court ordered that Spir Star D. could file a supplemental brief in support of its motion to dismiss, but that it must be filed on or before February 13, 1998. The court further ordered that UHP must respond by Febru-

ary 20, 1998. The parties were unable to submit their briefs in a timely manner because the parties could not schedule the deposition of Spir Star D.'s principal, Walter de Graaf, until February 20, 1998. Mr. de Graaf, a resident of Germany, was unable to be in the United States, and thus unavailable to be deposed until that date. Accordingly, this court, upon the request of the parties, canceled the motion hearing, which was scheduled for February 27, 1998, and granted the parties an extension of time in which to fully brief the matter presently before the court.

all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. *See id.; Combs*, 886 F.2d at 676.

## III. DISCUSSION

█ Determining whether a federal court sitting in diversity may exercise personal jurisdiction over a defendant involves a two-step inquiry. First, the court must determine whether the applicable laws of Virginia authorize the exercise of long-arm jurisdiction over the defendant. *Mylan Labs.*, 2 F.3d at 60. Second, the court must find that any exercise of jurisdiction under the state's authority comports with the requirements of the due process clause of the Fourteenth Amendment. *Id.*

### A. Virginia's Long Arm Statute

█ In this case, UHP has not established a prima facie case that the Virginia long-arm statute authorizes jurisdiction over third-party defendant Spir Star D. The provision of Virginia's long-arm statute, which is applicable to the present dispute, reads as follows:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

. . . . .

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth[.]

Va.Code § 8.01–328.1. Thus, under this provision, UHP must meet two requirements: (1) a tortious injury in Virginia caused by an out of state act or omission; and (2) a relationship between the defendant and Commonwealth that meets one of the three kinds of relationships described in subsection (4). *See First American First, Inc. v. National*

*Ass'n of Bank Women*, 802 F.2d 1511 (4th Cir.1986).

In the Second Amended Third Party Complaint, UHP alleges that Spir Star D. is in the business of designing, testing, manufacturing, inspecting, assembling, and selling the hoses, couplings, and fittings used by UHP on the day of the accident. UHP further alleges that the hose assembly, including the aforesaid couplings and fittings, was defective, dangerous, and unsafe, and caused plaintiff, Chisholm, to be injured. These allegations clearly satisfy the first requirement of subsection (4).

Therefore, whether UHP has met its burden of establishing a prima facie case of personal jurisdiction under Virginia's long-arm statute will depend on whether Spir Star D. (1) regularly does or solicits business; (2) engages in any other persistent course of conduct; or (3) derives substantial revenue from goods used or consumed or services rendered, in the Commonwealth of Virginia.

According to UHP's Third Party Complaint, Spir Star D. is a foreign corporation with its principal place of business in Mölenbach, Germany. Spir Star D., in its motion to dismiss, states that it sold its products primarily to one distributor in the United States, Wilco Supply, Inc. of Texas.[3] Moreover, Walter de Graaf testified in his deposition, that Spir Star D.: (1) is not registered, licensed, or otherwise authorized to do business in Virginia; (2) has no officers, directors, or employees living in Virginia; (3) does not conduct or transact business within the Commonwealth of Virginia; (4) has never maintained any office, mailing address, or other business facility in Virginia; (5) does not have a registered agent in Virginia; (6) has never owned, leased, or held any interest in any property in Virginia; (7) has never paid or been called upon to pay any Virginia sales, income, or business taxes; (8) has never entered the Commonwealth of Virginia for purposes of contracting to supply services or things to Virginia; (9) does not now, nor has it ever, engaged in a persistent course of business in Virginia; and (10) has never so-

---

**3.** This court has previously held that it does not have personal jurisdiction over Wilco. *See infra* note 1.

licited business in Virginia or sent a sales representative into Virginia. *See* Walter de Graaf Dep.

UHP has failed to make any showing, however slight, that would contradict the above assertions. Accordingly, it is clear that UHP has not made a prima facie showing that Spir Star D. regularly does or solicits business, or that it has engaged in any other persistent course of conduct in Virginia. Moreover, UHP has not alleged that Spir Star D. derives substantial revenue from goods used or consumed, or services rendered, in Virginia. Consequently, UHP has not met even its minimal burden with regard to Virginia's long-arm statute.

### B. Due Process Considerations

■ Although the court has found that UHP has not met the first part of the personal jurisdiction inquiry, the court will nevertheless, out of an abundance of caution, analyze UHP's arguments concerning due process. Jurisdiction under Virginia's long-arm statute has been construed to extend as broadly as that permitted by due process. *See Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982); *Kolbe v. Chromodern Chair Co.*, 211 Va. 736, 180 S.E.2d 664 (1971). UHP thus argues that this court need only focus on the second part of the dual inquiry, the due process analysis, which is exactly what UHP did in its brief. Without actually addressing the requirements of the long-arm statue, UHP argued that the due process clause allows this court to exercise personal jurisdiction over Spir Star D.

UHP's implicit argument seems to be that if jurisdiction complies with due process, the requirements of the long-arm statute must necessarily have been met, even in cases where the explicit language of the Virginia long-arm statute would not allow jurisdiction. The court notes that it truly stretches the imagination to envision a case, if one exists, where the demands of due process are met, and yet the language of the broadly worded Virginia long-arm statute does not on its face authorize jurisdiction. However, this court is not faced with such a situation, as it would clearly be a violation of due process for this court to exercise personal jurisdiction over Spir Star D.

■ Due process requires that an individual defendant have certain "minimum contacts" with the forum state, such that being drawn into court there would not offend "traditional notions of fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). First, the non-resident defendant must have minimum contacts with the forum state. Second, even if there are minimum contacts, the court's exercise of personal jurisdiction must be reasonable.

Defendants must purposefully avail themselves of the privilege of conducting business in the forum state for the contacts to be deemed sufficient. *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The touchstone of the minimum contacts analysis is that a non-resident be engaged in some activity purposefully directed toward the forum state. *See Burger King*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528. It is not enough that a defective product placed in the stream of commerce ends up in a particular state, where the party selling the product in a different state merely knows that it may end up elsewhere. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Moreover, the Supreme Court has split evenly on whether putting a product into the stream of commerce with the knowledge that it would eventually end up in a particular state is sufficient contacts with that state. *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In *Asahi*, four Justices held that, even though Asahi, a Japanese manufacturer, placed defective tire valves in the stream of commerce knowing that some would be used in tires sold in California, there was an insufficient basis for a California court to exercise in personam jurisdiction. *Id.* at 112–13. Four other Justices held that Asahi's awareness that the ultimate product would be marketed in California did establish sufficient minimum

contacts with California. *Id.* at 116–17 (Brennan, J., concurring in part).[4]

█ Even if mere awareness that a product will ultimately end up in Virginia could constitute sufficient contacts with Virginia, UHP does not even allege that Spir Star D. had such knowledge. UHP bases its argument that there are sufficient contacts on the fact that Spir Star D. has purposely availed itself of the United States market with no attempt to avoid Virginia. *See* UHP's Brief at 6. There is absolutely no support in the case law for UHP's theory of personal jurisdiction. Under UHP's theory, anytime a company places a product into the stream of commerce, and does not take affirmative steps to keep its product out of a particular forum, the company would be subject to liability in that forum.[5]

In any event, the Fourth Circuit Court of Appeals has clearly rejected the stream of commerce theory. *Federal Ins. Co. v. Lake Shore Inc.*, 886 F.2d 654, 659 (4th Cir.1989) (holding that a plaintiff "may not rely on an unadorned 'stream of commerce' theory to justify the assertion of personal jurisdiction over defendants"). According to the court, placing a product in the stream of commerce is not, by itself, sufficient to allow a federal district court to exercise in personam jurisdiction over nonresident manufacturers, in the absence of evidence that manufacturers "purposefully availed" themselves of the privilege of conducting business in the forum state. *Id.* at 658–660; *see also Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939 (4th Cir.1994) (holding that the defendant must have created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state). Marketing and advertising within the forum state may be examples of sufficient affirmative acts towards a state. *Federal Ins. Co.*, 886 F.2d at 660.

UHP has not alleged any facts tending to show that Spir Star D. has purposely availed itself of the privilege of conducting business in Virginia. Certainly, the absence of steps to keep its product out Virginia does not constitute affirmative action toward Virginia, which is required in the Fourth Circuit. *See Lesnick*, 35 F.3d 939; *Federal Ins. Co.*, 886 F.2d 654.

Furthermore, UHP's allegation that Spir Star D. is attempting to use others to shield itself from liability in Virginia, is meritless. In the case relied upon by UHP, the court held that a foreign company could not shield itself from jurisdiction in Virginia through a wholly-owned subsidiary that handled all of the company's distribution throughout the United States. *Stokes v. L. Geismar, S.A.*, 815 F.Supp. 904 (E.D.Va.1993). The court primarily relied on two factors in subjecting the foreign corporation to jurisdiction: (1) the defendant exerted a great amount control over the subsidiary as well as the distribution system, with the operations of the two companies inextricably intertwined; and (2) the subsidiary had purposely availed itself of the market in Virginia. *Id.* at 907.

The holding in *Stokes* is inapposite to the facts of this case for a number of reasons. First, there is no allegation that Wilco, the company used by Spir Star D. to distribute its product in the United States, is a subsidiary of Spir Star D. Moreover, even if Wilco is a wholly-owned subsidiary of Spir Star D., there is no showing that Wilco has ever purposely availed itself of the privilege of conducting business in Virginia. The futility of UHP's argument is made clear when one recalls that this court has already granted Wilco's motion to dismiss based on a lack of personal jurisdiction. *See infra* note 1.

In this case, even after construing all relevant pleading allegations in the light most favorable to UHP, assuming credibility, and

4. Although the Supreme Court split on the issue of whether there were sufficient minimum contacts, the Supreme Court unanimously held that the state court's exercise of personal jurisdiction over petitioner would be unreasonable and unfair, in violation of the due process clause. *Asahi*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92.

5. Of course, UHP does not explain what steps could possibly be taken to keep a product out of a particular state once that product has entered the stream of commerce. It seems clear that once a product is placed in the stream of commerce, the manufacturer no longer has control over the product.

drawing the most favorable inferences for the existence of jurisdiction, UHP has not come close to establishing a prima facie case of personal jurisdiction. Specifically, UHP has not established that Spir Star D. has sufficient minimum contacts with Virginia for this court to exercise personal jurisdiction over the third-party defendant.

### C. UHP's Motion to Transfer

On March 20, 1998, UHP filed a motion to transfer its third-party complaint against Spir Star D. to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406(a) This section provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

 District courts are authorized under § 1406(a) to transfer a civil action, even if the transferring court lacks in personam jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In this case, UHP argues that such a transfer would be in the interest of justice. Specifically, such a transfer would avoid duplication of the substantial time and expense involved in effecting service upon Spir Star D. *See* Br. in Support of Motion to Transfer at 2.

This court, however, finds that a transfer pursuant to § 1406(a) would be inappropriate in this case. It is within a court's sound discretion to dismiss a case for lack of personal jurisdiction, rather than grant a plaintiff's motion to transfer, where counsel should have reasonably foreseen that the district court lacked jurisdiction. *See Nichols v. G.D. Searle & Co.,* 991 F.2d 1195 (4th Cir. 1993); *see also Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir.1986). In this case, UHP "made an obvious error" in filing this third-party action against Spir Star D. in this court. *See Nichols,* 991 F.2d at 1201. Moreover, Spir

Star D. has suffered substantial costs in having to defend in a foreign and improper forum. In addition, the improper filing has imposed unnecessary costs on the judicial system. For these reasons, the court finds that a transfer, at no cost to UHP, would not serve the interest of justice.[6] *See id.* Accordingly, the court **GRANTS** Spir Star D.'s motion to dismiss for lack of personal jurisdiction and **DENIES** UHP's motion to transfer.

In light of the court's above findings, Spir Star D.'s motions to quash discovery depositions and to stay discovery are now moot. Accordingly, the motions need not be addressed by this court.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Dismissal Order to counsel for the parties.

It is so **ORDERED.**

---

6. Moreover, it is not clear to this court that any cause of action has yet accrued against Spir Star

D., upon which the Texas court could act.