## CIRCUIT COURT OF THE CITY OF RICHMOND

Siu Ming Hong

    v.

Chum Moon Tong,
by her Attorney in Fact,
Siu Ming Hong
and James Ming Hong

    v.

Daniel J. Gotlin

April 9, 2003

Case No. HS-2093

BY JUDGE MELVIN R. HUGHES, JR.

The Third-Party Cross-Bill Defendant in this Interpleader action has filed a Special Appearance and Special Plea to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction (Special Plea) challenging personal jurisdiction under the Virginia long arm statute. In support of the Special Plea, the Third-Party Cross-Bill Defendant, Daniel J. Gotlin, Esq., a New York attorney, has filed an Affidavit which, *inter alia*, states that he has never provided any legal services to nor does he have any clients in or receive any revenue from anyone in Virginia.

Siu Mung Hong initiated the proceeding as petitioner naming two respondents including James Ming Hong. Hong filed an Answer and Affirmative Defenses and Cross-Bills. One of the third-party cross-bill defendants he names is Gotlin.

According to the Bill of Complaint for Interpleader, Siu Ming Hong is the liquidating trustee of Belmont Partnership, a Virginia limited partnership,

by order of this court dated July 31, 2002. Having sold the partnership assets, the proceeds are said to be the subject of conflicting claims between and among the respondents.

In his Cross-Bill, James Ming Hong asserts a claim for $130,500,000.00 for conspiracy, embezzlement, and breach of fiduciary duty against his brother, Tomi Hong, his daughter Diana Hong O'Banion, and their lawyer, Gotlin. Hong alleges that he formed companies Scientific Laboratories and Auron, owning 70% of the former and 100% of the latter, investing millions of dollars. In 1999, he was convicted and sentenced for violations of the federal Clean Water Act. During incarceration, Tomi Hong and Diana Hong O'Banion prevailed on him to terminate a power of attorney he gave to Robert Tomkins to run Scientific Laboratories in his absence and permit them to run and manage the business. Thereafter, through powers of attorney he granted to them, Tomi Hong and Diana Hong O'Banion, with the aid and assistance of Gotlin as attorney, seized control of the companies, transferred ownership to themselves, created new entities, formed new companies, changed names, redesignated registered agents, and involved themselves in a number of other activities, including looting brokerage accounts here and in Hong Kong in a conspiracy and scheme to defraud him. There are five counts: conspiracy, fraud, conversion, breach of fiduciary duty, and accounting and imposition of constructive trust. Under the pleadings and his affidavit that there is no personal jurisdiction, Gotlin asks that he be dismissed from the proceedings. The court will overrule the Special Plea.

"The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 259, *cert. denied*, 492 U.S. 921 (1989). The portion of the long arm statute that applies to this case is Va. Code Ann. § 8.01-328.1(A)(4), which provides as follows:

> A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's. . . .
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

Under this provision, James Hong must meet two requirements to establish jurisdiction over Gotlin: (1) a tortious injury in Virginia caused by an out-of-state act or omission and (2) a relationship between Gotlin and the Commonwealth that meets one of the three criteria in section (A)(4). *Chisholm v. UHP Projects, Inc.*, 1 F. Supp. 2d 581, 584 (E.D. Va. 1998).

Here, the tortious injury is conspiracy, embezzlement, and breach of fiduciary duty, which is said to have resulted in a claimed loss of $130 million. James Hong claims that Gotlin prepared legal documents that liquidated brokerage accounts and other assets of his and transferred ownership to Tomi Hong and Diana O'Banion. Many of these accounts and businesses were located in Richmond, Virginia. He alleges that Tomi Hong committed numerous acts in furtherance of the conspiracy in Richmond, including name changes to the State Corporation Commission, changes of registered agents, swapping of corporate identities, and fraudulent conveyances of ownership. While there is no allegation that Gotlin committed any of these acts, Hong alleges Gotlin prepared some of the documents which allowed Tomi Hong to commit them. In his affidavit, Gotlin admits that he prepared documents to transfer accounts in James Hong's name to Diana O'Banion. *See Affidavit of Daniel J. Gotlin, Esq.*, 10. Many of these accounts were located in Virginia.

Under the pleadings, Tomi Hong allegedly caused a tort in Virginia by breaching his fiduciary duties for pecuniary gain and Gotlin should have reasonably expected to be haled into court where his documents were being used. "When co-conspirators have sufficient contacts with the forum, so that due process would not be violated, it is imputed against the 'foreign' co-conspirators who allege there is not sufficient contacts; co-conspirators are agents for each other." *Verizon Online Services v. Ralsky*, 203 F. Supp. 2d 601 (E.D. Va. 2002).

Virginia state courts have also recognized that co-conspirator's actions may be imputed against each other. In *North Fork Shenandoah, Inc. v. Bunning*, the court determined that a California resident was subject to personal jurisdiction in Virginia. *North Fork Shenandoah, Inc. v. Bunning*, 7 Va. Cir. 327 (1986). Justice Henry Whiting, then a trial judge, ruled that the plaintiff had alleged a conspiracy between the defendants to breach an employment contract by acts of disloyalty in Virginia. The court said the non-resident, who had never set foot in the state, was subject to personal jurisdiction because he had acted in Virginia through his agent . . . a co-conspirator. *See Id.* at 331.

The allegations in the pleadings and the evidence taken in discovery are sufficient to indicate that Gotlin, Hong, and O'Banion may well have been

involved in a conspiracy to transfer funds from James Hong to Tomi Hong and Diana O'Banion. This is not to be taken as a holding that such a conspiracy has been established but merely that there is a prima facie case requiring Gotlin to defend here. At this stage, Hong, though he may not prove his claims, has made out a prima facie showing of the conspiracy for purposes of personal jurisdiction over Gotlin. *United States v. Montreal Trust Co.*, 358 F.2d 239, 342 (2d Cir. 1966). The Special Plea is therefore denied.